556 P.2d 8

**STATE of Arizona, Appellee,**

v.

**Richard Fredrick STUBBA, Appellant.
No. 3608.**

Supreme Court of Arizona,
En Banc.

Nov. 1, 1976.

---

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Diane M. DeBrosse, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by H. Allen Gerhardt, Jr., Deputy Public Defender, Phoenix, for appellant.

HAYS, Justice.

■ Appellant, Richard F. Stubba, was charged by information with first degree arson for allegedly having set fire to the Desert Sun Motel in Phoenix, in violation of A.R.S. § 13–231. On December 3, 1975, pursuant to a plea agreement, he pleaded guilty and was sentenced to serve not less than two nor more than five years in the state penitentiary. Appellant appeals from the judgment of conviction and sentence. We have jurisdiction pursuant to 17A A.R.S. Supreme Court Rules, rule 47(e)(5).

Section 13–231 reads, in part, as follows:

"A person who wilfully and maliciously sets fire to or burns . . . a dwelling house, or a tent used as a dwelling, whether occupied, unoccupied or vacant . . . is guilty of arson in the first degree . . ."

Appellant raises only one issue on appeal. He contends that a motel is not within the definition of the term "dwelling house" as used in the statute and therefore, he argues, there was no factual basis upon which the court could find the appellant guilty of a violation of that section. We do not agree.

The term "dwelling house" has been variously defined as a house "occupied as a residence in distinction from a store, office or other building," Webster's Third New International Dictionary (1965), and as ". . . a house in which human beings 'usually stay, lodge or reside.'" *Simmons v. State*, 234 Ind. 489, 129 N.E.2d 121, 128 (1955) (concurring opinion); 5 Am.Jur.2d *Arson* § 19, p. 815.

Perkins, in his treatise on criminal law, in discussing the term "dwelling house" for purposes of the crimes of burglary and arson, states that:

"[E]ach apartment in a tenement house is 'the dwelling house of the particular occupant' but even a single room in a private house or a hotel may be the dwelling of the occupant *if it is actually the place where such person lives.*" (emphasis added) Perkins, *Criminal Law* (1969), pp. 201–02.

In short, a dwelling house is a structure in which people live.

■ The language of § 13–231 proscribes setting fire to either a "dwelling house, or a tent *used as a dwelling*" (emphasis added). From a plain and ordinary reading of the language, it appears that the statute was meant to encompass within the definition of first degree arson the burning of all buildings used as a residence and lived in by human beings.

■ A consideration of A.R.S. § 13–232 further supports this interpretation. Section 13–232 provides that the intentional and malicious burning of a building not included within § 13–231 will be deemed second degree arson. The punishment provided is less serious than the one provided for the crime of first degree arson in § 13–231. Although not explicitly spelled out, we think that the distinction the legislature meant to draw between first and second degree arson is based on whether the particular building was being used as a

residence for human habitation or was being used merely for business or other non-residential purposes. This distinction is founded, of course, on the difference in the potential threats to human life that is posed by the burning of each and is clearly reflected in the difference of the severity of punishments imposed; the more serious penalty is imposed for acts of burning which damage human dwellings and, thus, more seriously threaten human life.

We hold that the term "dwelling house" includes generally all buildings in which people reside. Whether its occupants are transients or permanent residents is of no consequence since the gravamen of the of-fense is the destruction of human habita-tions. *See State v. Long*, 243 N.C. 393, 90 S.E.2d 739 (1956); 5 Am.Jur.2d *Arson* § 1, p. 802.

It follows and we further hold that the motel here in question, in which numerous people including the appellant himself re-sided, falls within the meaning of the term "dwelling house" as used in § 13–231 and, hence, there was indeed a factual basis upon which to find appellant guilty.

Conviction and sentence affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.